1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10

11   ANTHONY SPRADLIN, an individual,          No.  2:13-cv-02260-TLN-AC
     GARY ALLEN, an individual, and DAVID
12   SAMUELSON, an individual,

13             Plaintiffs,                      **ORDER**

14        v.

15   KASCO CORPORATION a Delaware
     corporation; and DOES 1 through 10,
16   inclusive,

17             Defendants.

18

19
           This matter is before the Court on the parties' joint request for approval of settlement and
20
     joint request to seal documents.[1]  The Court finds that the parties have failed to meet their burden
21
     to justify sealing the settlement documents.  Therefore, the Court denies the parties' request to
22
     seal and permits the parties leave to amend or withdraw their request for approval of the
23
     settlement.
24
           There is a presumption of public access to judicial records and documents.  *Nixon v.*
25
     *Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 602 (1978).  The standard for sealing judicial records
26
     depends on the type of motion to which the records are attached.  With respect to non-dispositive
27

28   _____
     [1] The parties submitted their joint request to seal via email pursuant to Local Rule 141.

1    motions, a party must demonstrate good cause to seal judicial records.  Fed. R. Civ. P. 26(c)(1)

2    (permitting courts to fashion orders in discovery to protect parties' confidential information "for

3    good cause"); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the

4    weaker public interest in nondispositive materials, we apply the 'good cause' standard when

5    parties wish to keep them under seal.").  However, with respect to dispositive motions, a party

6    must demonstrate "compelling reasons" to seal judicial records.  *Kamakana v. City & Cnty. of*

7    *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  The party seeking protection bears the

8    burden to make a particularized showing that specific prejudice or harm will result if the records

9    are not sealed.  *Id.*

10          Several district courts including courts in this circuit have held that the "compelling

11   reasons" standard should apply to motions to approve settlement agreements.  *See Joo v. Kitchen*

12   *Table, Inc.*, 763 F. Supp. 2d 643, 646–48 (S.D.N.Y. 2011) (joining "the overwhelming consensus

13   of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed

14   absent some showing that overcomes the presumption of public access"); *Kianpour v. Rest. Zone,*

15   *Inc.*, No. DKC 11-0802, 2011 WL 3880463, at *1–2 (D. Md. Aug. 30, 2011) ("vast majority of

16   recent decisions" apply the presumption of public access to FLSA settlements); *see, e.g.,*

17   *Bernstein v. Target Stores, Inc.*, No. 13-cv-01018 NC, 2013 WL 5807581, at *2–3 (N.D. Cal.

18   Oct. 28, 2013) (applying compelling reasons standard); *In re Sepracor Inc. Fair Labor Standards*

19   *Act (FLSA) Litigation*, MDL No. 2039-DGC, 2009 WL 3253947, at *1–2 (D. Ariz. Oct. 8, 2009)

20   (same).  The Court agrees with the reasoning in these cases and finds that a motion to approve

21   settlement in an FLSA case is a dispositive motion with respect to the standard to apply to a

22   request to seal judicial records.

23          Applying the compelling reasons standard, the Court finds that the parties have not met

24   their burden to justify sealing the settlement documents in this case.  The parties state that they

25   have agreed to keep the terms of the settlement confidential, that the settlement may dissolve if

26   the Court does not seal the documents, and that public policy strongly favors encouraging

27   settlement by keeping confidential agreements private.  While the Court agrees that often times

28   there is a public interest in maintaining the confidentiality of settlement agreements, this interest

1    does not apply as forcefully in an FLSA settlement, which requires approval by the Department

2    of Labor or a district court.  *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244–45 (M.D.

3    Fla. 2010) ("Sealing an FLSA settlement agreement between an employer and employee . . .

4    thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to

5    ensure pervasive implementation of the FLSA in the workplace."); *see also Kianpour*, 2011 WL

6    3880463, at *2 ("while Defendants may hope that additional employees do not discover that they

7    have not been paid the wages to which they might be entitled under federal law, their argument in

8    this regard does not support sealing the motion to approve settlement documents").

9           Therefore, the Court denies the parties' request to seal.  This denial is without prejudice to

10   the parties if they wish to resubmit a stipulation regarding settlement that does not require sealing

11   of the agreement.  Because the parties have indicated that the Court's denial of their joint request

12   to seal may affect the settlement, the Court permits the parties fourteen (14) days from the entry

13   of this order to withdraw or amend their stipulation regarding settlement.  If the parties do <u>not</u>

14   withdraw or amend their stipulation, the Court shall file the documents in the public record.  If the

15   parties withdraw their stipulation regarding settlement, the parties are ordered to file an updated

16   joint status report so that the Court can reset pretrial and trial dates in this action.

17   **IT IS SO ORDERED.**

18   Dated: April 4, 2014

19

20                                                         _____

21                                                         Troy L. Nunley
                                                           United States District Judge

22

23

24

25

26

27

28