Rory C. Quintana (SBN 258747)
Hallie B. Albert (SBN 258737)
QUINTANA ALBERT LLP
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (415 504-3121
Fax: (415) 233-8770
rory@qalegal.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONY SPRADLIN**, an individual, **GARY ALLEN**, an individual, and **DAVID SAMUELSON,** an individual<br><br>    Plaintiffs,<br><br>    v.<br><br>**KASCO CORPORATION** a Delaware corporation; and **DOES 1 through 10**, inclusive,<br><br>    Defendants. | CASE NO.: 2:13-cv-02260-TLN-AC<br><br>**ORDER FOR APPROVAL OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS.** |

**ORDER**

Pending before the Court is the parties joint motion for approval of settlement and request for dismissal with prejudice of all claims. Good cause appearing, the Court GRANTS the motion.

The proposed settlement before the Court includes, among other things, a release of any and all claims that Plaintiffs have (or had) against Defendant for wages under the Fair Labor Standards Act ("FLSA") §§210*, et seq.* Claims of this nature can only be settled under the authority of either the Secretary of Labor or the District Court. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). In order to approve the settlement, the Court must "determine whether the settlement is a fair and reasonable resolution of a bona fide dispute/." *Yue Zhou v. Wang's Rest.*, 2007 WL 172308 1 (N.D. Cal. Aug.8, 2007) (citing *Lynn's*

*Food Stores, Inc.*, 679 F.2d at 1354.

After a review of the Settlement and General Release Agreements filed by the parties, the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiffs' claims, including the amount contemplated to be paid to Plaintiffs for resolution of their claims. The Court, moreover, has determined that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See, e.g. Officers for Justices v. Civil Service Commission,* 688 F.2d 615, 625 (9th Cir. 1982).

The Court, thus having approved of the settlement of the claims in this matter, hereby **DISMISSES WITH PREJUDICE** all of the individual claims which were brought on behalf of Plaintiffs Gary Allen, David Samuelson and Anthony Spradlin, including Plaintiffs' individual PAGA claims. This Court further approves the release by Plaintiffs of any claims and potential claims as set forth in the Settlement Agreement, including, but not limited to, any claims against Defendant for wages under the FLSA.

Neither this Order, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, including but not limited to California Code of Civil Procedure §382, and California Labor Code § 2699 *et seq* (PAGA); (b) of an adjudication of the merits of this case or that any party has prevailed in this case; or (c) that the Defendants or others have engaged in any wrongdoing.

**IT IS SO ORDERED.**
Dated: April 10, 2014

Troy L. Nunley
United States District Judge